IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EVERLIGHT ELECTRONICS CO., LTD. | § | Case No. 2:23-cv-00126 |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| IKEA US Retail LLC; IKEA NORTH AMERICA SERVICES, LLC., | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EVERLIGHT ELECTRONICS CO., LTD., ("Everlight" or "Plaintiff") for its Complaint against Defendants IKEA US Retail LLC ("IKEA US") and IKEA NORTH AMERICA SERVICES, LLC, ("IKEA NAS") or (collectively, "IKEA" or "Defendants") alleges as follows:

**THE PARTIES**

1. Everlight is a foreign corporation organized and existing under the laws of Taiwan with a principal place of business located at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City 23860, Taiwan. Everlight manufactures LED products and, through its subsidiaries, has sales offices in the United States and sells, imports, and/or offers LED products for sale in the United States.

2. Upon information and belief, IKEA US Retail LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business in Conshohocken, Pennsylvania. Upon information and belief, IKEA US owns and/or operates physical retail store locations in Texas, including in this judicial district, where it offers for sale and sells LED products.

3. Upon information and belief, IKEA North America Services, LLC is a limited liability company organized and existing under the laws of Virginia with a principal place of business in Conshohocken, Pennsylvania. Upon information and belief, IKEA NAS owns and/or operates the website www.ikea.com/us/en, through which products, including LED products, are offered for sale and sold across the United States and in this judicial district.

4. Upon information and belief, IKEA US and IKEA NAS are wholly-owned by a common parent company. Upon information and belief, both IKEA US and IKEA NAS hold themselves out as "IKEA."

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over IKEA US because it has minimum contacts with Texas and this judicial district, it has purposely directed activities toward Texas and this judicial district that give rise to the causes of action herein, and it has purposefully availed itself of the privileges of conducting business in Texas and this judicial district. For example, upon information and belief, IKEA US operates multiple store locations in Texas, including in this district, where it has sold and continues to offer for sale products that infringe Everlight's patents. Through its activities in this district, IKEA US has committed acts within this district giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over IKEA US would not offend traditional notions of fair play and substantial justice.

7. This Court has personal jurisdiction over IKEA NAS because it has minimum contacts with Texas and this judicial district, it has purposely directed activities toward Texas and this judicial district that give rise to the causes of action herein, and it has purposefully availed itself of the privileges of conducting business in Texas and this judicial district. For example, upon information and belief, IKEA NAS operates the website www.ikea.com/us/en/, and associated websites, through which it has sold and continues to sell products that infringe Everlight's patents,

giving rise to the causes of action herein. Upon information and belief, customers in this district have actually purchased infringing products through www.ikea.com/us/en. Additionally, IKEA NAS is registered to do business in the State of Texas, regularly does or solicits business in Texas, and derives substantial revenue from goods and services provided to customers in Texas. Through its activities in this district, IKEA NAS has committed acts within this district giving rise to this action such that the exercise of jurisdiction over the IKEA NAS would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this judicial district as to IKEA US pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, IKEA US is subject to personal jurisdiction in this judicial district, has a regular and established place of business in this judicial district, including at least the location at 7171 Ikea Drive, Frisco, TX 75034, has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this judicial district.

9. Venue is proper in this judicial district as to IKEA NAS pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, IKEA NAS is subject to personal jurisdiction in this judicial district, has a regular and established place of business in this judicial district, including at least the location at 7171 IKEA Drive, Frisco, TX 75034, has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this judicial district. For example, IKEA NAS operates the website www.ikea.com/us/en, through which customers can order and pay for products and choose to pick them up at IKEA stores in this district, such as the IKEA store located at 7171 IKEA Drive, Frisco, Texas 75034.

**PATENTS-IN-SUIT AND IKEA'S INFRINGING PRODUCTS**

10. Everlight owns by assignment all right, title, and interest in and to U.S. Patent No. 9,640,733, titled "Carrier, Carrier Leadframe, and Light Emitting Device," issued on May 2, 2017,

naming Chung-Chuan Hsieh and Yung Cheih Chen as the inventors (the "'733 Patent"). The '733 Patent is based on U.S. Patent Application No. 14/720,230 with a filing date of May 22, 2015. The '733 Patent claims priority to Taiwan Patent Application No. 103118060, filed on May 23, 2014, and Taiwan Patent Application No. 104103527, filed on February 3, 2015. A true and correct copy of the '733 Patent is attached hereto as **Exhibit 1**.

11. Everlight owns by assignment all right, title, and interest in and to U.S. Patent No. 9,905,742, titled "Carrier, Carrier Leadframe, and Light Emitting Device," issued on February 27, 2018, naming Chung-Chuan Hsieh and Yung Cheih Chen as the inventors (the "'742 Patent"). The '742 Patent, which is a divisional of the application that resulted in the '733 Patent, is also based on U.S. Patent Application No. 14/720,230, filed on May 22, 2015. The '742 Patent claims priority to Taiwan Patent Application No. 103118060, filed May 23, 2014, and Taiwan Patent Application No. 104103527, filed on February 3, 2015. A true and correct copy of the '742 Patent is attached hereto as **Exhibit 2**.

12. The '733 Patent and the '742 Patent relate to a carrier leadframe for receiving a light emitting diode (LED) chip and a light emitting device made from the leadframe. The inventions of the '733 Patent and the '742 Patent provide a carrier and a carrier leadframe, which has at least one carrier that is separated in advance and mechanically engaged with the leadframe, thereby facilitating quick release of material after die bonding, wire bonding and encapsulation. This allows for the improved production speed and yield of a light emitting device.

13. Together the '733 and '742 Patents will be referred to as the "Asserted Patents."

14. On information and belief, Defendants offer for sale, sell, and/or import certain light emitting products, including but not limited to the IKEA Ledare GX53 LED Bulb and IKEA Ledare 5.5W E26, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the Asserted Patents in this District and elsewhere in Texas and the United States in violation of 35 U.S.C. § 271(a).

15. Defendants have had knowledge of the Asserted Patents since, at least, August 25, 2022, when they received a letter from Everlight's representative disclosing each of the Asserted

Patents, and identifying several of IKEA's products utilizing claims of such patents, which claims were also identified in Everlight's letter.

16. Since being provided notice of the Asserted Patents, and the specific features and functionality Everlight accuses of infringement at least by August 25, 2022, IKEA has continued to infringe, deriving substantial value for its products using Everlight's patented technologies. IKEA's conduct, including its response to the infringement allegations, has been egregious.

## COUNT I

### (Infringement of the '733 Patent)

17. Everbright repeats and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18. The '733 Patent was duly and legally issued on May 2, 2017. The '733 Patent is valid and enforceable.

19. In violation of 35 U.S.C. § 271, IKEA has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '733 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the IKEA Ledare GX53 LED Bulb. Plaintiffs reserve the right to assert additional claims of the '733 Patent.

20. The IKEA Ledare GX53 LED Bulb satisfies all claim limitations of one or more claims of the '733 Patent including but not limited to claim 1, as demonstrated in the chart attached hereto as **Exhibit 3**.

21. By offering for sale, selling and/or importing into the United States the IKEA Ledare GX53 LED Bulb, and other infringing products, Defendants have injured Everlight and are liable for infringement of the '733 patent, pursuant to 35 U.S.C. §271.

22. As a result of Defendants' infringement of the '733 patent, Everlight is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

23. Alternatively, Everlight has no adequate remedy at law for Defendants' acts of infringement.

24. As a direct and proximate result of Defendants' acts of infringement, Everlight has suffered and continues to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Everlight will continue to be damaged and irreparably harmed.

25. On information and belief, Defendants' past and continuing infringement has been deliberate and willful, warranting an award of treble damages pursuant to 35 U.S.C. § 284. By at least as early as August 25, 2022, Defendants had actual knowledge of the '733 Patent and of their infringing activities. After receiving actual knowledge of the '733 Patent, Defendants have continued to make, use, offer for sale, sell, and/or import the IKEA Ledare GX53 LED Bulb, and other infringing products, into the United States in disregard of the '733 Patent.

26. On information and belief, this is an exceptional case in view of, *inter alia*, Defendants' unlawful activities, including Defendants' deliberate, intentional and willful infringement, and Everlight is therefore entitled to its attorneys' fees, pursuant to 35 U.S.C. § 285.

## COUNT II

**(Infringement of the '742 Patent)**

27. Everbright repeats and realleges the allegations of paragraphs 1 through 26 above as if fully set forth herein.

28. The '742 Patent was duly and legally issued on February 27, 2018. The '742 Patent is valid and enforceable.

29. In violation of 35 U.S.C. § 271, IKEA has been and is still infringing, either literally and/or under the doctrine of equivalents, one or more claims, including at least claim 11, of the '742 Patent by making, using, offering for sale, selling, or importing infringing products, including, but not limited to, the IKEA Ledare 5.5W E26. Plaintiffs reserve the right to assert additional claims of the '742 Patent.

30. The IKEA Ledare 5.5W E26 satisfies all claim limitations of one or more claims of the '742 Patent including, but not limited to, claim 11, as demonstrated in the chart attached hereto as **Exhibit 4**.

31. By offering for sale, selling and/or importing into the United States the IKEA Ledare 5.5W E26, and other infringing products, Defendants have injured Everlight and are liable for infringement of the '742 patent, pursuant to 35 U.S.C. §271.

32. As a result of Defendants' infringement of the '742 patent, Everlight is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

33. Alternatively, Everlight has no adequate remedy at law for Defendants' acts of infringement.

34. As a direct and proximate result of Defendants' acts of infringement, Everlight has suffered and continues to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Everlight will continue to be damaged and irreparably harmed.

35. On information and belief, Defendants' past and continuing infringement has been deliberate and willful, warranting an award of treble damages pursuant to 35 U.S.C. § 284. By at least as early as August 25, 2022, Defendants had actual knowledge of the '742 Patent and of their infringing activities. After receiving actual knowledge of the '742 Patent, Defendants have continued to make, use, offer for sale, sell, and/or import the IKEA Ledare 5.5W E26, and other infringing products, into the United States in disregard of the '742 Patent.

36. On information and belief, this is an exceptional case in view of, *inter alia*, Defendants' unlawful activities, including Defendants' deliberate, intentional and willful infringement, and Everlight is therefore entitled to its attorneys' fees, pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

37. WHEREFORE, Everlight respectfully requests that this Court enter a judgment against Defendants, and each of them, as follows:

    a.    Entry of judgment declaring that Defendants have directly infringed, either literally or under the doctrine of equivalents, one or more claims of each Asserted Patent;

    b.    Entry of judgment declaring that Defendants' infringement of the Asserted Patents is willful;

    c.    A preliminary and permanent injunction prohibiting Defendants from further acts of infringement;

    d.    An order awarding damages sufficient to compensate Everlight for Defendants' infringement of the Asserted Patents, but in no event less than a reasonable royalty, together with costs;

    e.    Enhanced damages pursuant to 35 U.S.C. § 284;

    f.    Entry of judgment declaring that this case is exceptional and awarding Everlight its costs and reasonable attorney fees under 35 U.S.C. § 285;

    g.    An accounting for acts of infringement to pay supplemental damages to Everlight for any continuing post-verdict infringement, including but not limited to pre-judgment interest, and post-judgment interest;

    h.    Such other equitable relief which may be requested and to which Everlight is entitled; and

    i.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Everlight hereby demands a jury for all issues so triable.

Dated:  March 27, 2023         Respectfully submitted,

/s/ Jack Shaw
Robert H. Sloss (*pro hac vice* forthcoming)
(California State Bar No. 87757)
Jack Shaw (admitted in this District)
(California State Bar No. 309382)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH, LLP
3000 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Telephone: 650-645-9000
Facsimile: 650-687-8300
Email: robert.sloss@procopio.com
Email: jack.shaw@procopio.com

Attorneys for PLAINTIFF EVERLIGHT ELECTRONICS CO., LTD.